IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MATTHEW ANDREWS, individually and on behalf of all others similarly situated,

                Plaintiff,

vs.

PACIFIC PROCESS SYSTEMS, INC,

                Defendant.

Civil Action No. 14-cv-1308

Magistrate Judge Cynthia R. Eddy

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Pacific Process systems, Inc. ("PPS") submits its answer and affirmative defenses to the collective action complaint filed by Plaintiff, Matthew Andrews ("Andrews").

## ANSWER

### *Summary*

1.     PPS admits that Andrews brings this putative collective action against it to recover unpaid overtime that he alleges is owed to himself and similarly situated individuals. PPS denies the remaining allegations of paragraph 1.

### *Jurisdiction and Venue*

2.     PPS admits this Court has subject matter jurisdiction over this matter.

3.     PPS admits that venue is proper in this Court.

4.     PPS admits that its personnel records of Andrews indicate an address within the Western District of Pennsylvania. After reasonable investigation Defendant is without

sufficient information to form a belief as to the truth of the remaining allegations of paragraph 4 therefore, the same are denied.

5. PPS admits that it conducts business operations within the Western District of Pennsylvania's Pittsburgh Division.

### *The Parties*

6. PPS admits that Andrews has filed his written consent with the Court and that, according to its personnel records, Plaintiff resides in Washington, Pennsylvania which is located within the Western District of Pennsylvania. The remaining allegations of paragraph 6 are denied.

7. PPS admits that Plaintiff attempts to bring this action as a collective action under the FLSA on behalf of "similarly situated workers" as Plaintiff defines those terms but denies that the purported class consists of similarly situated individuals or that Defendant has violated the FLSA.

8. PPS admits the allegations of paragraph 8.

### *Coverage Under the FLSA*

9. PPS admits the allegations of paragraph 9.

10. PPS admits the allegations of paragraph 10.

11. PPS admits the allegations of paragraph 11.

12. PPS admits that Plaintiff was engaged in commerce as that term is defined in the FLSA. With regard to the other putative class members, the alleged putative class is at this point in time to vague and undefined for Defendant to either admit or deny that allegation.

*Facts*

13. PPS admits that it is an oil field services company providing services in that industry and that it maintains operations in Pennsylvania. The remaining allegations of paragraph 13 are denied.

14. PPS admits that Plaintiff worked in a laborer position and at times was paid a day rate. The remaining allegations of paragraph 14 involve an alleged putative class that at this time is too vague and undefined to allow Defendant to admit or deny those allegations.

15. PPS admits that Plaintiff was employed as a laborer and at times was paid on a day rate basis. It is admitted that Andrews job functions included performing daily check lists, assisting with preparation equipment and performing well tested related functions. By way of further answer, other duties as assigned may also be performed on a regular basis. It is denied that Andrews was typically required to work at least 84 hours a week.

16. Defendant's information with regard to the alleged putative class is too vague and undefined to form an opinion with regard to the allegations of paragraph 16 therefore, the same are denied.

17. Defendant's information with regard to the alleged putative class is too vague and undefined to form an opinion with regard to the allegations of paragraph 17 therefore, the same are denied.

*FLSA Violations*

18. The allegations of paragraph 18 state legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraph 18 are denied.

19. The allegations of paragraph 19 state legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraph 19 are denied.

### Collective Action Allegations

20. PPS denies the allegations in paragraph 20.

21. PPS denies the allegations in paragraph 21.

22. PPS denies the allegations in paragraph 22.

23. PPS denies the allegations in paragraph 23.

### Jury Demand

24. PPS admits that Plaintiff demands a trial by jury.

### Relief Sought

25. The allegations of paragraph 25 state a prayer for relief to which no response is required. To the extent a response is required, PPS denies that Andrews is entitled to the relief sought in paragraph 25 and all of its subparts.

### AFFIRMATIVE DEFENSES

PPS alleges the following affirmative and other defenses.

1. Andrews' claims and the claims of those individuals whom he purports to represent fail, in whole or in part, to state a claim upon which relief can be granted.

2. There exists no class of individuals similarly situated to Andrews for whom Andrews can properly serve as a representative Plaintiff.

3. Neither Andrews nor the individuals whom he purports to represent are entitled to an order of liquidation damages because PPS has at all times acted in good faith and had reasonable grounds for believing that its conduct did not violate the FLSA.

4. Any cause of action or claim for damages arising more than two years prior to the institution of this lawsuit is barred by the Statute of Limitations because none of PPS's alleged acts constituted wilful violations of the FLSA.

5. The claims of Andrews and the individuals whom he purports to represent are barred, in whole and in part, to the extent that Andrews seeks compensation for activities that are preliminary or post-liminary to his principal activities or incidental to them.

6. The claims of Andrews and the individuals whom he purports to represent are barred, in whole or in part to the extent that Andrews and such individuals performed compensable work under the FLSA for *de minimus* amounts of time

7. The claims of Andrews and the individuals whom he purports to represent are barred in whole or in part to the extent that Andrews and such individuals seek compensation for activities deemed noncompensable under the Portal-to-Portal Act.

8. The claims of individuals whom Andrews purports to represent may be barred in whole or in part because such individuals were or are properly classified as exempt from the overtime requirements of the FLSA.

9. The claims of some or all of the individuals whom Andrews purports to represent may be barred in whole or in part because such individuals are highly compensated employees as defined by the FLSA.

10. Andrews is not entitled to conditional or final certification or to court aided notice under the FLSA because he is not similarly situated to the putative class members that he purports and seeks to represent and because he has not defined the putative class clearly and objectively.

11. Andrews attempts to pursue this case as the collective action fails because an individualized analysis of his claim as well as the claims of each putative collective action member is required.

12. Andrews is not entitled to a jury determination as to some of his claims regarding attorney's fees or liquidated damages.

13. The claims of Andrews and the individuals whom he purports to represent are barred in whole or in part by the equitable doctrines of waiver, estoppel, unclean hands, and/or latches.

PPS reserves the right to file and serve additional defenses as an appropriate.

WHEREFORE, having fully answered, PPS respectfully prays that judgment be entered in its favor and for costs including attorneys' fees as ordered by the Court.

DICKIE, McCAMEY & CHILCOTE, P.C.

BY: /s/Thomas H. May
Thomas H. May
Pa. I.D. No. 25953
Two PPG Place – Suite 400
Pittsburgh, PA  15222

*Attorneys For Defendant,*
*Pacific Process Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses has been served electronically this 1st day of December, 2014 to the following:

Joshua Geist, Esquire
GOODRICH & GEIST, P.C.
3634 California Avenue
Pittsburgh, PA 15212

Michael A. Josephson, Esquire
Andrew Dunlap, Esquire
Lindsay R. Itkin, Esquire
Fibich, Leebron, Copeland Briggs & Josephson
1150 Bissonnet Street
Houston, Texas 77005

Richard J. Burch, Esquire
Bruckner Burch, P.L.L.C.
8 Greenway Plaza, Suite 1500
Houston, Texas 77046

　　　　　　　　　　　　　　　　/s/Thomas H. May
　　　　　　　　　　　　　　　　Thomas H. May